**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0585n.06
Filed: July 11, 2005

**No. 04-1459**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DANIEL R. MILLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| MUNICIPAL EMPLOYEE RETIREMENT | ) | **DISTRICT OF MICHIGAN** |
| SYSTEM OF MICHIGAN, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**BEFORE: KEITH, DAUGHTREY, Circuit Judges, and WILLIAMS,*** District Judge.

**PER CURIAM**. The Plaintiff-Appellant, Daniel R. Miller, appeals the district court's order granting summary judgment for the Defendant-Appellee, Municipal Employees' Retirement System of Michigan ("MERS"). Miller was a police sergeant employed by the Oxford Emergency Safety Authority ("OSEA")[1] in Oxford, Michigan. MERS is a statewide, public employee pension fund serving governmental entities. At all times relevant to this matter, OSEA was a "participating municipality" in MERS. Miller brought suit against MERS, alleging that MERS treated him differently than other similarly-situated employees in calculating his retirement benefits, violating

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

[1] After Miller's termination, OSEA changed its name to Oxford Public Fired and EMS Commission. In this order, we refer to the organization by its prior name.

42 U.S.C. § 1983, Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2701(a), and Michigan's

Persons with Disabilities Civil Rights Act, M.C.L. § 37.1602(a).

On June 17, 2003, the district court, Judge George Caram Steeh presiding, entered an order

denying MERS's motion for summary judgment. The court concluded that there existed genuine

issues of material fact over whether the cost discrepancies were part of MERS's policy or custom.

After additional discovery, MERS renewed its motion for summary judgment. On January 24, 2004,

the district court concluded that based on the evidence presented, including testimony from Miller's

actuary, MERS did not have a policy of disparate treatment.

Having had the benefit of oral argument and having reviewed the parties' briefs, we conclude

that the district court was correct in its decision granting summary judgment for MERS. Because

the district court thoroughly articulated its reasons for granting summary judgment, we find that the

issuance of a full written opinion by this court would be duplicative and serve no useful purpose.

We therefore adopt the reasoning of the district court in its opinion dated January 24, 2004, and

**AFFIRM** the district court's grant of summary judgment for MERS.